IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY WAYNE STOKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12cv925-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On October 20, 2012, federal inmate Bradley Wayne Stokes ("Stokes") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1. Stokes challenges his guilty-plea convictions and resulting sentence for various federal firearms offenses.  The government argues Stokes's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period.  Doc. No. 4.  The court concludes the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

**II.  DISCUSSION**

**A.  One-year Limitation Period**

The timeliness of Stokes's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That section provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On June 9, 2009, Stokes pled guilty to several federal firearms offenses, including three counts of violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon. On June 10, 2010, the district court sentenced Stokes to 200 months in prison. Judgment was entered by the district court on June 16, 2010. Stokes took no appeal. His conviction therefore became final fourteen days later, on June 30, 2010.[1] Under 28 U.S.C. § 2255(f)(1), Stokes had until June 30, 2011, to file a timely § 2255 motion. His §

---

[1] *See* Fed. R. App. P. 4(b)(1)(A) (criminal defendant has fourteen days to file appeal); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.").

2255 motion filed on October 20, 2012,[2] is untimely under § 2255(f)(1).

## B.  Claim under *Carachuri–Rosendo v. Holder*

Stokes contends his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3),[3] pursuant to what he says is the applicability to his convictions of the United States Supreme Court's holding in *Carachuri–Rosendo v. Holder*, 560 U.S 563 (2010).  *See* Doc. No. 1 at 4-7. *Carachuri*, which was decided on June 14, 2010, dealt with under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" under 8 U.S.C. § 1229b(a)(3).   The Supreme Court held that the statutory enhancements for recidivism regarding simple possession under 18 U.S.C. § 844 do not render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised, 560 U.S. at 577-82, and that a federal court "cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law," *id*. at 576-77.

Stokes's reliance on *Carachuri* to establish the timeliness of his motion under § 2255(f)(3) is misplaced.  He filed his § 2255 motion on October 20, 2012 – over two years after the Supreme Court's decision in *Carachuri*.  Therefore, it is untimely even under

---

[2] Stokes's motion was stamped as received by this court on October 22, 2012.  However, he represents he submitted the motion to prison authorities for mailing on October 20, 2012.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) ("mailbox rule" applies to *pro se* prisoner litigants).

[3] Section 2255(f)(3) provides for the one-year limitation period to start the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).

§ 2255(f)(3).   Moreover, *Carachuri* does not apply retroactively – a prerequisite to application of § 2255(f)(3).  *See Fields v. Warden, FCC Coleman - USP 1*, 484 F. App'x 425, 427 (11th Cir. 2012) (finding no basis for retroactive application of *Carachuri*); *see also United States v. Powell*, 691 F.3d 554, 558 (4th Cir. 2012) ("*Carachuri* is a procedural rule . . . [and], therefore, not retroactively applicable to cases on collateral review."); *Stewart v. Warden, FCC Coleman–Low*, 2012 WL 45421, *1 (M.D. Fla. Jan. 9, 2012).

Most significantly, the holding of *Carachuri* has no bearing on Stokes's case.  Stokes maintains his 2003 felony conviction in Alabama for first-degree possession of marijuana, which was the prior predicate felony for his three counts of conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), is not a "felony" under the holding of *Carachuri* because the two-year split sentence imposed on the Alabama conviction was suspended with only six months of incarceration to serve.  *See* Doc. No. 6 at 13.  Therefore, he says his § 922(g)(1) convictions in this court are unsound.  However, Stokes's Alabama conviction for first-degree possession of marijuana was *in fact* a felony conviction, punishable under Alabama's sentencing scheme by not less than one year and one day and not more than 10 years in prison,[4] which the United States did not "enhance" or "change" when charging him with violating § 922(g)(1), and which the federal district court did not, *ex post*, enhance or change in finding Stokes guilty of violating § 922(g)(1) and

---

[4] *See* Ala. Code 1975 § 13A-12-213(b) ("Unlawful possession of marihuana in the first degree is a Class C felony."); § 13A-5-6(a)(3) (sentence for a Class C felony is "not more than 10 years or less than 1 year and 1 day").

imposing his sentence.  Whether Stokes actually served less than a year and one day on his felony conviction for first-degree possession of marijuana (as he suggests) makes no difference.  *See, e.g.*, *Latson v. O'Brien*, 2013 WL 4400110, at *6 (N.D.W. Va. Aug. 15, 2013) (*Carachuri* "mandate[s] that prior state convictions must be classified on the basis of the maximum sentence which the particular defendant in question could have received under the applicable state sentencing scheme at the time of conviction").  *Carachuri* is wholly inapplicable to Stokes's convictions and sentence in this court.  For this same reason, there is no merit to Stokes's assertion (*see* Doc. No. 6 at 1, 5-6) that his § 922(g)(1) convictions were for "nonexistent crimes" and that he is therefore actually innocent of those offenses to which he pled guilty in this court.

## C.  Claim under *Lafler v. Cooper*/*Missouri v. Frye*

Stokes also argues he is entitled to retroactive application of the United States Supreme Court's holdings in *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), which he says renders his § 2255 motion timely under § 2255(f)(3).  *See* Doc. No. 6 at 7-12.  *Lafler* and *Frye*, both of which the Supreme Court decided on March 21, 2012 (less than a year before Stokes filed his § 2255 motion), recognized that the Sixth Amendment guarantees a defendant the right to effective assistance of counsel during the plea-bargaining process.  *See* 132 S. Ct. at 1384; 132 S. Ct. at 1405.  In invoking *Lafler*/*Frye*, Stokes alleges his trial counsel was ineffective in negotiating a sentencing agreement in his case while failing to challenge the validity of his § 922(g)(1) convictions (on the same meritless grounds Stokes advances to support his

claim under *Carachuri*).[5]

Notwithstanding Stokes's attempt to "restart" the limitation period via § 2255(f)(3) and *Lafler*/*Frye*, the Eleventh Circuit has recognized that neither *Lafler* nor *Frye* applies retroactively.  *See In Re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012).  In *Perez*, the Eleventh Circuit held *Lafler* and *Frye* did not set forth new rules of constitutional law because those cases are "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland* [*v. Washington*, 466 U.S. 668, 686 (1984)], to a specific factual context." 682 F.3d 930 at 932.  The court in *Perez* concluded, "[B]ecause we cannot say that either *Lafler* or *Frye* 'breaks new ground or imposes a new obligation on the State or Federal Government,' they did not announce new rules." *Id*. at 933.  Because the Supreme Court in *Lafler* and *Frye* recognized no new constitutional right, those decisions are not retroactive and there is no basis for restarting the limitation period under § 2255(f)(3).  Therefore, § 2255(f)(3) does not control the limitation period for Stokes to file his § 2255 motion and his *Lafler*/*Frye* claim is not properly before this court.

### D.  Equitable Tolling

The limitation period in federal habeas proceedings (28 U.S.C. §§ 2254 and 2255) may be equitably tolled on grounds apart from those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271

---

[5] While the parties stipulated to a sentencing agreement in Stokes's case, his guilty pleas were not entered under a plea agreement.

(11th Cir. 1999).  In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court confirmed that the limitation period is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

### Misaddressed § 2255 motion

Stokes argues he is entitled to equitable tolling because, he says, he filed a 28 U.S.C. § 2255 motion on March 5, 2012, by handing it to prison officials on that date, but mistakenly placed the address of the Federal Defender's Office on the mailing envelope, resulting in this court never receiving the § 2255 motion.[6]  *See* Doc. No. 6 at 2, 12-18. According to Stokes, he relied on erroneous information from a fellow inmate in addressing the § 2255 motion to the Federal Defender's Office instead of to this court.  *Id*.  Stokes also faults the Federal Defender for failing to forward to this court the § 2255 motion he says he misaddressed.  *Id*.

There is no record in this court of Stokes having filed any § 2255 motion before the one received in this court on October 22, 2012 (and dated by Stokes on October 20, 2012). The exhibits Stokes has attached to his pleadings do not indisputably establish that he

---

[6] Stokes say he filed the § 2255 motion now under consideration by the court in October 2012, when it became apparent that the court never received the previous § 2255 motion.

7

attempted to submit a misaddressed § 2255 motion to this court in March 2012.[7]  *See* Attachments to Doc. No. 6.  Even taking Stokes's representations as true, this court does not find Stokes's mistaken placement of the address of the Federal Defender's Office on the mailing envelope containing the § 2255 motion to be the sort of "extraordinary circumstances" warranting application of equitable tolling.  Stokes cannot claim that the failure of this court to receive the § 2255 motion was through no fault of his own.  Because equitable tolling is reserved for those rare instances where "circumstances eternal to the party's own conduct" caused a late filing, *see Jones v. United States*, 304 F.3d 1035, 1039 n.9 (11th Cir. 2003), equitable tolling is not appropriate when a petitioner's own conduct, rather than "external forces," accounts for failing to file a timely habeas claim.  Finally, by Stokes's own admission, he turned over the misaddressed § 2255 motion to prison officials for mailing on March 5, 2012.  Stokes's conviction became final on June 30, 2010, and under 28 U.S.C. § 2255(f)(1), the one-year limitation period to file a timely § 2255 motion expired on June 30, 2011 – over eight months before he allegedly submitted his misaddressed § 2255 motion.  There was no remaining limitation period to be equitably tolled on March 5, 2012.

*Prison lockdown*

Stokes also maintains he is entitled to equitable tolling because the federal prison where he was incarcerated was on lockdown status from May 26, 2011, to July 18, 2011, depriving him of access to his legal materials and to the law library during that period.

---

[7] For instance, Stokes has not obtained an affidavit from the Federal Defender indicating that the office received his misaddressed § 2255 motion in March 2012.

In the Eleventh Circuit, routine transfers resulting in separation from legal papers, and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary circumstances" for purposes of invoking equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in lockdown situation); *see also Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (finding equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances'") (citing *Akins*, 204 F.3d at 1089-90); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as much as ten months of one-year limitations period were not extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). The Second Circuit, however, has held that the intentional and wrongful confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling of AEDPA's limitation period and permit the filing of a petition after the limitation period ordinarily would have run. *See Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000).

Here, Stokes does not allege that prison officials blocked him from accessing his legal materials for the purpose of obstructing the timely filing of his § 2255 motion. Thus, he fails

to set forth "extraordinary circumstances" that satisfy the standards justifying equitable tolling recognized by the Eleventh Circuit or the standards recognized by the Second Circuit in *Valverde*.

Even if the lockdown from May 26, 2011, to July 18, 2011, could be considered "extraordinary circumstances" (which they are not) Stokes fails to demonstrate he acted with "reasonable diligence" throughout the period he seeks to toll.  Specifically, Stokes does not set forth facts to establish that he diligently sought to obtain his legal materials during that time or tried to file a timely § 2255 motion without them.  He does not assert that his § 2255 motion was among the legal materials he could not access or that at any time from May 26, 2011, to July 18, 2011, he ever requested the return of his legal materials so he could file his § 2255 motion.  Because Stokes has not demonstrated he diligently sought to obtain his legal materials during the period he seeks to toll or that he reasonably attempted to file a timely § 2255 motion without these documents, equitable tolling of the limitation period in this case is not warranted.  *See Dodd*, 365 F.3d at 1283 ("Dodd has not shown with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation.").

Finally, this court questions Stokes's suggestion that the prison lockdown prevented him from timely filing a § 2255 motion he urgently wished to submit.  By Stokes's own admission, the lockdown ended on July 18, 2011.  Under his own version of the facts, he did not seek to file a § 2255 motion until March 5, 2012 – over seven months after the lockdown ended.

Because Stokes has failed to establish grounds for equitable tolling, his § 2255 motion is time-barred under § 2255(f)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and this case be dismissed with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 18, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE